**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| COMMUNICATION ADVANCES LLC, | |
| Plaintiff, | |
| v. | Civil Action No. 6:23-cv-667-JKP |
| ROKU, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

## SCHEDULING RECOMMENDATIONS

The parties recommend that the following deadlines be entered in the scheduling order to control the course of this case:

1. A report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed within three months after the Court issues a claim construction order.

2. The party asserting claims for relief shall submit a written offer of settlement to opposing parties on or before April 10, 2024, and each opposing party shall respond, in writing, on or before May 15, 2024.

3. The parties shall file all motions to amend or supplement pleadings or to join additional parties on or before October 25, 2024.

4. Each party shall complete and submit a document indicating whether it consents to proceed before a United States Magistrate Judge on or before February 9, 2024.

5. The parties shall serve initial disclosures on or before March 1, 2024.

6. On or before April 3, 2024, Plaintiff shall serve a disclosure of asserted claims and

1

preliminary infringement contentions (and accompanying document production) containing the following information: a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found; identification of whether each element of each asserted claim is claimed to be literally present and/or present under the doctrine of equivalents in the accused product(s); and the priority date that Plaintiff contends each asserted claim is entitled to, along with all evidence supporting that priority date. Plaintiff shall also produce: (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit.  To the extent Plaintiff later seeks to amend its contentions to add additional patent claims, Plaintiff must seek leave of Court so the Court can address any scheduling and procedural issues.[1]

7. On or before May 8, 2024, Defendant shall serve its preliminary invalidity contentions in the form of claim charts setting forth where in the prior art references each element of the asserted claim(s) are found. Defendant shall also include an identification of any limitations that Defendant contends are indefinite or lack written description under 35 U.S.C. § 112, and an identification of any claims that Defendant contends are directed to ineligible subject matter under 35 U.S.C. § 101. Defendant shall also produce all prior art referenced in the invalidity contentions and technical documents, including source code, sufficient to show the operation of the relevant features of the accused products.

---

[1] The parties may amend preliminary infringement contentions and preliminary invalidity contentions without leave of court so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served and should do so seasonably upon identifying any

8. The following schedule shall apply to claim construction proceedings in this case:

- On or before June 21, 2024, the parties shall exchange claim terms for construction.

- On or before July 12, 2024, the parties shall exchange proposed constructions.

- On or before July 19, 2024, the parties shall disclose extrinsic evidence. The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony.[2] With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced.

- On or before July 26, 2024, the parties shall meet and confer to narrow the terms in dispute and exchange a revised list of terms/constructions.

- On or before August 9, 2024, Defendant shall file its Opening claim construction brief, including any arguments that any claim terms are indefinite.

- On or before August 30, 2024, Plaintiff shall file a Responsive claim construction brief.

- On or before September 13, Defendant shall file a Reply claim construction brief.

- On or before September 27, 2024, Plaintiff shall file a Sur-Reply claim construction brief.

---

such material.

[2] Any party may utilize a rebuttal expert in response to a brief where expert testimony is relied

- The Court shall hold a claim construction hearing on a date to be determined. The Court shall advise the parties whether it wishes to conduct a tutorial in advance of the claim construction hearing.

9. Fact discovery shall open one (1) business day after the Court issues the claim construction order.

10. The parties agree that once the Court issues the claim construction order, the parties will meet and confer to propose a schedule addressing the remaining case events in the Court's model "Proposed Scheduling Order in Civil Case" that take place after the claim construction order issuance through trial.

11. The trial date will be determined at a later date by the Court. The parties shall consult Local Rule CV-16(e)-(g) regarding matters to be filed in advance of trial. At the time the trial date is set, the Court will also set the deadline for the filing of matters in advance of trial.

SIGNED this _____ day of _____ 2024.

_____
THE HONORABLE JASON K. PULLIAM
U.S. DISTRICT COURT JUDGE

upon by the other party.